No. 25-40071

_____

In the United States Court of Appeals
for the Fifth Circuit

_____

**Samantha Smith and Robert Means**
          *Plaintiffs-Appellees,*

*v.*

**United States Department of the Treasury, Scott Bessent, in his official capacity as Secretary of the Treasury, The Financial Crimes Enforcement Network, and Andrea Gacki, in her official capacity as Director of FinCen**
          *Defendants-Appellants.*

_____

On Appeal from the U.S. District Court
for the Eastern District of Texas, Tyler Division
No. 6:24-cv-00336-JDK

_____

**Appellees' Opposed Motion to Expedite This Appeal**

_____

      Robert Henneke
      rhenneke@texaspolicy.com
      Chance Weldon
      cweldon@texaspolicy.com
      Christian Townsend
      ctownsend@texaspolicy.com
      Eric Heigis
      eheigis@texaspolicy.com
      Texas Public Policy Foundation
      901 Congress Avenue
      Austin, Texas 78701

CERTIFICATE OF INTERESTED PERSONS

No. 25-40071

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

**SAMANTHA SMITH AND ROBERT MEANS**
  *Plaintiffs-Appellees,*
v.

**UNITED STATES DEPARTMENT OF THE TREASURY, SCOTT BESSENT, in his official capacity as Secretary of the Treasury, THE FINANCIAL CRIMES ENFORCEMENT NETWORK, AND ANDREA GACKI, in her official capacity as Director of FinCen**
  *Defendants-Appellants.*

_____

On Appeal from the U.S. District Court
for the Eastern District of Texas, Tyler Division
No. 6:24-cv-00336-JDK

_____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Plaintiffs-Appellees:       Samantha Smith
              Robert Means

| | |
|---|---|
| Trial & Appellate Counsel for Plaintiffs-Appellees: | Robert Henneke<br>Chance Weldon<br>Christian Townsend<br>Eric Heigis<br>Texas Public Policy Foundation<br>901 Congress Avenue<br>Austin, TX 78701 |
| Defendants-Appellants: | United States Department of the Treasury<br>Scott Bessent, in his official capacity as the Secretary of the Treasury<br>The Financial Crimes Enforcement Network<br>Andrea Gacki, in her official capacity as Director of FinCen |
| Appellate Counsel for Defendants-Appellants: | Daniel Tenny<br>Maxwell A. Baldi<br>Sophia Shams<br>U.S. Department of Justice<br>Civil Division – Appellate Staff<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530 |
| Trial Counsel for Defendants-Appellants: | Abe M. McGlothin Jr.<br>Acting U.S. Attorney<br>James Gillingham<br>Assistant U.S. Attorney<br>110 N. College Ave., Ste. 700<br>Tyler, TX 75702 |
| *Amicus Curiae:* | State of Texas |

Trial Counsel for
*Amicus Curiae:*                      Christina Cella
Special Counsel for Legal Strategy
Office of the Attorney General
Legal Strategy Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548

*Amicus Curiae*:                       National Federation of Independent Business

Trial Counsel for
*Amicus Curiae*:                       John C. Sullivan
S/L Law PLLC
610 Uptown Blvd., Ste. 200
Cedar Hill, TX 75104

                                             */s/ Chance Weldon*
                                             CHANCE WELDON
                                             *Counsel for Plaintiffs-Appellees*

Appellees file this opposed motion to expedite consideration of Appellants (the Department's) appeal. *See* 5th Cir. R. 27.5; *id.* 34.5 ("The court may, on its own motion or for good cause on motion of either party, advance any case for hearing, and prescribe an abbreviated briefing schedule.") Appellees have conferred with the Department and the Department is opposed to this relief.

## FACTS

This case involves a constitutional challenge to the Corporate Transparency Act and its implementing rule (collectively, the CTA). The CTA marks a sweeping expansion of federal authority into matters traditionally reserved to the states. Under the CTA, Plaintiffs and 32.6 million other small businesses must disclose sensitive personal information to a federal database, regardless of whether they are suspected of a crime or engage in interstate commerce.

As one might expect, this novel expansion of federal power has drawn numerous challenges across the nation, with multiple challenges proceeding in this Circuit. Indeed, this Court is set to hear one such challenge on an expedited basis on March 25, 2025. *Texas Top Cop Shop, Inc. v. Bondi*, No. 24-40792, ECF No. 165 (5th Cir. Dec. 27, 2024).

On January 7, 2025, the district court in this case entered an order holding that the CTA and its implementing rule were likely unconstitutional. *Smith v. United States Dep't of the Treasury*, No. 6:24-cv-336-JDK, 2025 U.S. Dist. LEXIS 2321, at *37–*38 (E.D. Tex. Jan. 7,

5

2025). As the district court noted, the argument and theories in this case are different than those presented by *Texas Top Cop Shop*. *Id.* at *3.

On the basis of this holding, the district court entered an injunction preventing the Department from enforcing the CTA against Appellees and a stay of the CTA implementing rule's effective date under 5 U.S.C. § 705. *Id.* at *37–*39.

That § 705 stay is the only judgment currently preventing the government from implementing the CTA nationwide. *See* U.S. Department of the Treasury, Alert: Ongoing Litigation – *Texas Top Cop Shop, Inc., et al. v. McHenry, et al.,* No. 4:24-cv-00478 (E.D. Tex.) & Voluntary Submissions [Updated January 24, 2025], https://www.fincen.gov/boi. Lifting that stay would effectively criminalize millions of ordinary Americans overnight.

On February 5, 2025, the Department filed a notice of appeal seeking to lift the stay. *Smith v. United States Dep't of the Treasury*, No. 6:24-cv-336-JDK, ECF No. 32 (E.D. Tex. filed Feb. 5, 2025). On the same day, the Department filed an emergency motion in the district court seeking to stay the district court's injunction and stay while this case proceeds. *Id.* at ECF No. 33.

Given the risk that the stay could be lifted, creating an emergency for Appellees, Appellees seek expedited review of this appeal.

## ARGUMENT

Expedited review is appropriate here for three reasons. *First*, expediting review will help to mitigate the risk of chaos and irreparable harm caused by the CTA. As it has with other challenges to the CTA, the Department has already moved to stay the district court's order while this case proceeds. *Id.*; *see Tex. Top Cop Shop, Inc. v. Garland*, No. 4:24-CV-478, 2024 U.S. Dist. LEXIS 227810 (E.D. Tex. Dec. 17, 2024) (district court denying stay pending appeal), *stay granted pending appeal*, 2024 U.S. App. LEXIS 32565, at *4 (5th Cir.), *stay pending appeal vacated*, 2024 U.S. App. LEXIS 32702, at *4 (5th Cir.), *stay pending appeal granted sub nom. McHenry v. Tex. Top Cop Shop, Inc.*, 2025 U.S. LEXIS 424, at *1. If a stay pending appeal is granted in this case, Appellees and millions of Americans will be immediately thrown into chaos and uncertainty regarding their duty to comply with the CTA's disclosure requirements.

This is no small matter. Penalties under the CTA are up to $500 per day in civil penalties and criminal penalties up to a $10,000 fine and two years in prison. 31 U.S.C. § 5336(h)(1), (3). Appellees will therefore likely be forced to comply with the CTA. The district court recognized that requiring Appellees to report under the CTA inflicts irreparable harm. *Smith*, 2025 U.S. Dist. LEXIS 2321, at *35. Indeed, the CTA requires FinCEN's database to indefinitely retain reports from active companies and provides no mechanism to remove previously reported

information. *See* 31 U.S.C. § 5336(c)(1). Once disclosed, the bell cannot be unrung. Or more aptly, the disclosed information cannot be undisclosed. Because of this, forcing Appellees to comply with the CTA pending appeal could moot this case. An expedited schedule helps to mitigate these risks and increases the likelihood that this Court will maintain its jurisdiction to decide these important issues on appeal.

<u>*Second*</u>, an expedited schedule encourages judicial efficiency. This Court is currently scheduled for argument in another challenge to the CTA on March 25, 2025. *Texas Top Cop Shop, Inc. v. Bondi*, No. 24-40792, ECF No. 165 (5th Cir. Dec. 27, 2024). But, as the district court below recognized, the decision and arguments in that case differ significantly from those presented here. *Smith*, 2025 U.S. Dist. LEXIS 2321, at *3. A decision in *Texas Top Cop* therefore would not wholly resolve this appeal. It could, however, significantly muddy the waters on the issues which overlap between the cases. Expedited briefing would allow this Court to have all of the arguments and lower court opinions in front of it before it issues sweeping rulings about the CTA.

<u>*Finally*</u>, the Department will not be prejudiced by an expedited briefing schedule in this case. By filing an emergency stay motion below, the Department admits that prompt resolution of this case is essential. Moreover, the Department has already fully formulated its positions both below and in its motion to stay the district court's opinion. Condensing

the briefing schedule here to meet the Department's admitted sense of urgency for this case will not prejudice the parties.

## CONCLUSION AND PRAYER

Appellees therefore ask that this Court expedite the briefing schedule as follows and advance this case to the next available argument panel.

| | |
|---|---|
| Appellants' opening brief: | 14 days from the entry of this Court's order on this motion. |
| Appellees' response: | 14 days from the filing of Appellants' opening brief. |
| Appellants' reply: | 7 days from the filing of Appellees' response. |

Respectfully submitted,

*/s/ Chance Weldon*
ROBERT HENNEKE
rhenneke@texaspolicy.com
CHANCE WELDON
cweldon@texaspolicy.com
CHRISTIAN TOWNSEND
ctownsend@texaspolicy.com
ERIC HEIGIS
eheigis@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Chance Weldon*
CHANCE WELDON