# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 20, 2025
Lyle W. Cayce
Clerk

No. 25-40071

Samantha Smith; Robert Means,

*Plaintiffs—Appellees*,

*versus*

United States Department of the Treasury; Scott Bessent, *Secretary, U.S. Department of Treasury*; The Financial Crimes Enforcement Network; Andrea Gacki, *in her official capacity as Director of FinCen*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:24-CV-336

UNPUBLISHED ORDER

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:

The plaintiffs in this case challenged the Corporate Transparency Act ("CTA"), requesting (1) an injunction preventing enforcement of the CTA, and (2) vacatur of the CTA's implementing rule, which set deadlines for compliance. The district court granted plaintiffs' request for preliminary relief, including a stay of the implementing rule's effective date. The government appealed.

Since then, the government has revised the implementing rule. The Interim Final Rule exempts certain "classes of entities" from the CTA's reporting requirements while also requiring foreign companies to report ownership information except as to American owners. 90 Fed. Reg. at 13,690, 13,692. The government is accepting comments on this interim final rule; it will assess the exemptions based on those comments and intends to issue a final rule this year. 90 Fed. Reg. at 13,690.

The plaintiffs argue that the Interim Final Rule moots the government's interlocutory appeal because the original implementing rule has been superseded and has no practical effect. The government, in turn, argues that this appeal is not moot because this court could still grant it effectual relief by reversing the entry of preliminary relief and allowing the government to implement the CTA in accordance with the revised implementing rule. The government alternatively moves to hold this appeal in abeyance pending the end of the Interim Final Rule's comment period.

We agree that this appeal is not moot. The Interim Final Rule is, as its name belies, interim. Unlike the city ordinance in *Arms of Hope v. City of Mansfield*, 114 F.4th 374 (5th Cir. 2024), the government expressly intends to engage in rulemaking that could (at least theoretically) undo every change in the Interim Final Rule published on the eve of the CTA compliance deadline. After the comment period, the government could decide to permanently eliminate the challenged portions of the original implementing

rule, thereby mooting this interlocutory appeal. It just as easily could not. Because of this uncertainty, we agree with the government that this appeal should be held in abeyance until the end of the Interim Final Rule's comment period.

IT IS ORDERED that the Appellees' opposed motion to dismiss Appellants' interlocutory appeal is DENIED.

IT IS FURTHER ORDERED that the Appellants' opposed cross-motion to hold the appeal in abeyance is GRANTED.